**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CONFESOR ROBLES-GONZALEZ,**<br>**Petitioner,**<br>**v.**<br>**WARDEN, FCI FORT DIX,**<br>**Respondent.** | **Civil Action No.: 23-4248 (ES)**<br>**OPINION** |

**SALAS, DISTRICT JUDGE**

Before the Court is *pro se* petitioner Confesor Robles-Gonzalez's ("Petitioner") petition for a writ of a habeas corpus pursuant to 28 U.S.C. § 2241. (D.E. No. 1 ("Petition" or "Pet.")). Respondent Warden, FCI Fort Dix ("Respondent") answered the Petition, (D.E. No. 5 ("Letter Response" or "Letter Resp.")), and Petitioner filed a reply, (D.E. No. 9 ("Reply")). In addition, Petitioner has submitted another habeas petition, which the Clerk of Court docketed as an "Amended Petition for Writ of Habeas Corpus," and the Court construes as a motion to amend or supplement the Petition (D.E. No. 11 ("Motion to Amend or Supplement" or "Mot. to Amend or Suppl.")). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the Court **DISMISSES** the Petition for lack of jurisdiction and **DENIES** the Motion to Amend or Supplement.

## I. BACKGROUND

Petitioner is currently serving a sentence for convictions in two related criminal matters filed in the United States District Court for the Middle District of Pennsylvania ("Middle District

of Pennsylvania"): *United States v. Robles-Gonzalez*, 20-cr-219-SHR (M.D. Pa.) ("No. 20-0219 Matter"), D.E. No. 48; and *United v. Robles-Gonzalez*, 20-cr-224-SHR (M.D. Pa.), ("No. 20-0224 Matter"), D.E. No. 29. In the No. 20-0224 Matter, Petitioner pled guilty to illegal re-entry following an aggravated felony conviction in violation of 8 U.S.C. § 1326(a), (b)(2). No. 20-0224 Matter, D.E. No. 17. Petitioner was sentenced to a concurrent term of 121 months' imprisonment, which was subsequently reduced to 120 months' imprisonment. *Id.*, D.E. Nos. 29 & 40.

The Petition, dated August 4, 2023,[1] alleges that the United States Bureau of Prisons ("BOP") is unlawfully and unconstitutionally applying an arbitrary policy to deny Petitioner eligibility for, and refuse to apply, time credits under the First Step Act ("FSA") because of an immigration detainer lodged against him. (*Id.* at 9–11 (asserting that the FSA excludes only prisoners with a final order of removal from eligibility for credits)). Petitioner further claims that he is not required to exhaust administrative remedies to pursue a challenge to the constitutionality of a BOP regulation excluding prisoners with immigration detainers from participating in rehabilitation programs. (D.E. No. 1-1 at 1). Petitioner asks the Court to order the BOP to change his FSA eligibility status from ineligible to eligible and apply the earned time credits to his sentence. (Pet. at 7).

Respondent answered the Petition on October 23, 2023. (D.E. No. 5).

On or about February 6, 2025,[2] Petitioner requested a case status update and case documents, including the Letter Response. (D.E. No. 8 (stating that he lost several court documents as a result of BOP disciplinary incidents)). On or about March 26, 2025, Petitioner

---

1 *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (holding that a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court).

2 On June 13, 2024, the matter was reassigned from the Honorable Robert B. Kugler, U.S.D.J., to the Honorable Christine P. O'Hearn, U.S.D.J., (D.E. No. 6), and, on June 21, 2024, from Judge O'Hearn to the Undersigned, (D.E. No. 7).

replied to the Letter Response. (D.E. No. 9). On April 11, 2025, the Court granted Petitioner's letter request to the extent that he requests copies of the docket sheet and filings in this matter and directed the Clerk of Court to forward copies of such documents to Petitioner by regular U.S. Mail. (D.E. No. 10).

On or about August 13, 2025, Petitioner placed in the prison mail system a habeas petition to the Court, which was docketed as an "Amended Petition." (D.E. No. 11).

In this August 13, 2025 filing, Petitioner raises four claims or grounds for relief, recited herein verbatim:

> **GROUND ONE:** I do not have a FINAL order of deportation, and I am being denied by staff for my FSA Credits
>
> **GROUND TWO:** Immigration Detainer applied was from when I was sentenced, and does not apply in this case before the Court
>
> (a) Supporting facts (*Be brief. Do Not Cite cases or law.)*:
>
> I was sentenced and the Judge told me that I would be deported after I was finished with my sentence. I never saw an Immigration Judge.
>
> **GROUND THREE:** I am entitled to all of the FSA Credits, as I do not have any offenses that exclude me from the credits
>
> (a) Supporting facts (*Be brief. Do Not Cite cases or law.)*:
>
> I attempted to address the issue with Unit Team, but I did not receive the proper information
>
> **GROUND FOUR:** Correct Legal Error, which is clear as to discrimination of the credits that are applied to others, and I have the same charges without a final order of deportation.
>
> (a) Supporting facts (*Be brief. Do Not Cite cases or law.)*:
>
> The B.O.P acted unlawfully in denying Petitioner's earned time credits based on the assumption that there was a Final Order of deportation. I am challenging the effect of my sentence under the First Step Act (FSA) 18 U.S.C. 3632.

(Mot. to Amend or Suppl. at 5–9). Petitioner further refers to an August 3, 2025 decision in which "the Unit Team" advised him that he was not eligible under the FSA "due to a Firearms Offense in my Pre-Sentence Report." (*Id.* at 2–3). According to Petitioner, he did not file a first administrative appeal because, according to the team, he "would have to go through the United States District Court for assistance," and he did not file a second (or third) appeal because he has not received "a decision on the first action." (*Id.* at 2–5). Petitioner asks for his "FSA Credits to be applied" and his "Sentry File changed to 'Eligible.'"[3] (*Id.* at 8).

## II. LEGAL STANDARD

Petitioner asserts jurisdiction under 28 U.S.C. § 2241, which applies "where a prisoner alleges "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Courts must construe *pro se* habeas petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998).

## III. DISCUSSION

In his Petition, Petitioner alleges that the BOP refused to apply FSA credits and declared him ineligible for such credits because of an immigration detainer lodged against him. (Pet. at 9–11). However, Respondent contends that the alleged immigration detainer policy is not why Petitioner is ineligible; instead, according to Respondent, Petitioner is ineligible for FSA credits because he is serving a sentence for a disqualifying offense, i.e., "Illegal Re-Entry Following

[3] On October 4, 2025, and November 4, 2025, Respondent filed "Notice[s] . . . *re: the Court's Amended Standing Order 2024-06 – Stay of Civil Matters Involving the United States as a Party*." (D.E. Nos. 12 ("October 3, 2025 Standing Order") & 13 ("November 3, 2025 Standing Order")). Pursuant to the October 3, 2025 Standing Order and the November 3, 2025 Standing Order, this matter was stayed effective October 3, 2025 until the federal government is funded through congressional appropriation or for a period of thirty days from the date of entry of the November 3, 2025 Standing order, whichever comes earlier. Accordingly, the stay has expired.

Aggravated Felony Conviction in violation of 8 U.S.C. § 1326(a), (b)(2)." (Letter Resp. at 1–2).

Under the FSA, "[a] prisoner is ineligible to receive time credits . . . if the prisoner is serving a sentence for a conviction under any of the following provisions of law" [enumerating offenses]." 18 U.S.C. § 3632(d)(4)(D). In *Gonzalez-Leyva v. Warden, FCI Fort Dix*, No. 25-2715, 2025 WL 1088120 (D.N.J. Apr. 11, 2025), Judge O'Hearn considered a substantially identical claim and concluded that the Fort Dix petitioner has failed to meet his burden to establish standing, *id.* at *2–3.[4] This Court reaches the same conclusion and accordingly determines that "[t]he Court lacks jurisdiction to hear the Petition."[5] *Id.* at *3 (citation omitted).

Gonzalez-Leyva argued that the BOP refused to apply FSA credits and declared him ineligible for such credits based on an immigration detainer lodged against him. *Id.* at *2. According to the respondent, "the detainer policy is not why [he] is ineligible" for FSA credits, and "[i]nstead, Respondent alleges that Petitioner is ineligible because he is serving a sentence for a disqualifying offense, 'unlawful reentry after removal . . . in violation in violation of 8 U.S.C. § 1326(a) and (b)(2).'" *Id.* (alteration in original) (citations omitted).

Agreeing with the respondent, the *Gonzalez Leyva* court concluded that it lacked jurisdiction to hear the petition:

> Petitioner's conviction under 8 U.S.C. § 1326(b)(2) is indeed a disqualifying offense. *See* 18 U.S.C. § 3632(d)(4)(D)(lix) (disqualifying convictions under "Section 276(a) of the Immigration and Nationality Act (8 U.S.C. 1326), relating to the reentry of a removed alien, but only if the alien is described in paragraph (1) or (2) of subsection (b) of that section"). As a result, even assuming

---

4 It is well established that standing is a jurisdictional requirement, and, to establish standing, a petitioner must show: (i) the petitioner suffered in injury in fact that is concrete, particularized, and actual, or imminent; (ii) the injury was likely caused by the respondent; and (iii) the injury would likely be redressed by judicial relief. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021); *Wayne Land & Min. Grp., LLC v. Del. River Basin Comm'n*, 959 F.3d 569, 574 (3d Cir. 2020).

5 Because the Court concludes that it lacks jurisdiction, it does not address Respondent's alternative argument that the Petition should be dismissed on the grounds that Petitioner failed to exhaust administrative remedies. (Letter Resp. at 2–3).

> *arguendo*, the Petitioner's assertion as to the BOP's reason for his ineligibility, it appears that such policy could have had no effect on Petitioner as he is nonetheless disqualified as a matter of law. Petitioner had the opportunity to dispute these allegations and respond to these arguments, but he did not file a reply.
>
> In light of the above, the Court finds that Petitioner has failed to meet his burden to show that the detainer policy caused him "an injury in fact." *TransUnion*, 594 U.S. at 423. Similarly, he has failed to show that his ineligibility is redressable through judicial relief, as declaring the detainer policy or its application unlawful would have no effect on Petitioner as he is nevertheless disqualified as a matter of law. To proceed in this case would be to ask the Court to assume a hypothetical set of facts where the detainer policy affects Petitioner. As Petitioner has failed to establish standing, there is no live controversy for the Court to adjudicate. *See id.*; [*Patel v. Allstate N.J. Ins. Co.*, 648 F. App'x 258, 261 (3d Cir. 2016)]. Accordingly, the Court lacks jurisdiction to hear the Petition. *See Wayne*, 959 F.3d at 574.

*Id.* at *2–3; *see also Perez v. Merendino*, No. 24-6508, 2025 WL 360530, at *2 (D.N.J. Jan. 31, 2025) ("'A prisoner is ineligible to receive time credits . . . if the prisoner is serving a sentence for a conviction under . . . Section 276(a) of the Immigration and Nationality Act (8 U.S.C. 1326), relating to the reentry of a removed alien,'" so long as the conviction was pursuant to 8 U.S.C. § 1326(b)(1)-(2). Petitioner was convicted pursuant to § 1326(b)(2), making him ineligible." (citations omitted)).

Likewise, this Court lacks jurisdiction to hear the present Petition. In his Reply, Petitioner admits that "one of the charges against [him] is 8 USC 1326(a) & (b)(2)," and does not dispute that such a conviction is a disqualifying offense under the FSA. (Reply at 4). Petitioner asserts that his case manager "claim[s] 'deportability' and not 8 U.S.C. 1326 as [the] ineligibility factor." (*Id.* (emphasis omitted)). However, as the *Gonzalez-Leyva* court reasonably explained, "even assuming *arguendo*, the Petitioner's assertion as to the BOP's reason for his ineligibility [i.e., the BOP immigration detainer policy], it appears that such policy could have had no effect on

Petitioner as he is nonetheless disqualified as a matter of law." *Id.* at *2. Accordingly, Petitioner has failed to show that that the immigration detainer policy caused him an injury in fact, or that his ineligibility for FSA credits is redressable through judicial relief.[6] *Id.* at *3.

In his Reply, Petitioner reiterates his assertions regarding the alleged absence of a requisite final order of removal rendering him ineligible for FSA credits under the statute and the allegedly unlawful denial of FSA based on the existence of an immigration detainer and the BOP detainer policy. (Reply at 4–7). As noted above, such assertions do not present "a live controversy" given Petitioner's conviction.

Petitioner additionally raises several new claims or arguments in his Reply. Specifically, he notes that he has filed a collateral challenge to the validity of his § 1326(a), (b)(2) conviction in the Middle District of Pennsylvania under § 1326(d),[7] and he asserts that, because he clearly satisfies both elements of § 1326(d), he is entitled to relief from "the illegal re-entry [conviction] which will restore his right to earn and apply the FSA time credits to which he is entitled." (*Id.* at 4). According to Petitioner, "until such a time as the court's order is final, after the Habeas review,

---

6 According to Petitioner, the Letter Response was never served upon him as part of a "frequent deliberate tactic of the [BOP] to deny proper notification and responsibly sharing information as required by law." (Reply at 1). However, the alleged fact that Petitioner did not receive the service copy of the Letter Response has not prejudiced Petitioner, who obtained a copy of Respondent's filing through a family member, was sent a copy of the Letter Response by the Clerk of Court, and has filed both a Reply and an "Amended Petition." (*See id.*).

7 8 U.S.C. § 1326(d) provides:

> (d) Limitation on collateral attack on underlying deportation order
>
> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) or subsection (b) unless the alien demonstrates that—
>
> > (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> >
> > (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> >
> > (3) the entry of the order was fundamentally unfair.

BOP must restore petitioner's FSA eligibility." (*Id.* at 5). Petitioner also appears to indicate that he cannot be denied FSA credits based on the conviction because FCI Fort Dix has not obtained a copy of the underlying removal or deportation order. (*Id.* at 4–5). Furthermore, Petitioner asserts that the BOP unlawfully and unconstitutionally relied solely on the immigration detainer to classify Petitioner as an "alien," automatically denying Petitioner the ability to transfer to "'Minimum Security' Prison Camps," and likewise violated the law and his constitutional rights by denying the Petitioner an opportunity in participate in the Residential Drug Abuse Program ("RDAP") to earn early release credit "yet again claim[ing] the detainer as the [reason]." (*Id.* at 5–6). Finally, Petitioner argues that 28 U.S.C. § 3632(d)(4)(e)(ii) mandates his transfer to the Department of Homeland Security for "early deportation," and he accordingly asks the Court to order his immediate removal to the Dominican Republic "if ICE determine[s] he is removable." (*Id.* at 7–8).

The Court does not consider these additional claims or arguments because Petitioner raised them for the first time in his Reply. *See Thieme v. Warden Fort Dix FCI*, 154 F.4th 115, 121 n.4 (3d Cir. 2025) ("That, however, is a separate claim, and Thieme raised it for the first time in his reply brief in the District Court. Without Thieme raising the argument in his petition or moving to amend his petition to include that argument, it has not been preserved." (first citing *Woodford v. Garceau*, 538 U.S. 202, 208 (2003); then citing *Gov't Emps. Ins. Co. v. Mt. Prospect Chiropractic Ctr., P.A.*, 98 F.4th 463, 472 (3d Cir. 2024); and then citing *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 641–42 (3d Cir. 1993)); *Lama v. Greene*, No. 26-0012, 2026 WL 2126367, at *2 n.2 (D.N.J. July 23, 2026) ("To the extent that Lama raises alternative claims or arguments in his motion for "extraordinary and programmatic" injunctive relief, those claims are not properly before this court because they were not raised in his Section 2241 petition,

accompanying memorandum of law, or motion to amend. They are therefore waived." (first citing inter alia *Rush v. Shartle*, Civ. No. 13-4788, 2015 WL 5567307, at *2 n.2 (D.N.J. Sept. 22, 2015); and then citing *Ryan v. Hendricks*, Civ. No. 04-4447, 2014 WL 268578, at *3 n.4 (D.N.J. Jan. 23, 2014)).

The Court liberally construes the *pro se* document docketed as an Amended Petition as a Motion to Amend or Supplement. Under Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule"), made applicable to § 2241 proceedings under Habeas Rule 1(b), "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." It appears that Petitioner submitted his "Amended Petition" more than 21 days after "service of [Respondent's] responsive pleading [the Letter Response]." Fed. R. Civ. P. 15(a)(1)(B); (*see also* D.E. Nos. 5, 8–11). Accordingly, Petitioner may amend his Petition "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Likewise, under Federal Rule of Civil Procedure 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

"As Petitioner's proposed claim[s] [are] without merit, his proposed amendment is futile," and the Court accordingly denies his Motion to Amend or Supplement. *Senat v. United States*, No. 18-13006, 2021 WL 2850471, at *5 (D.N.J. Jul. 7, 2021) (citing *George v. United States*, No. 17-2641, 2020 WL 2731166, at *14 (D.N.J. May 26, 2020)) (denying motion to amend); *see also Thompson v. Lanigan*, No. 16-1913, 2017 WL 1536226, at *8 (D.N.J. Apr. 27, 2017) (stating that leave to file a supplemental pleading should be freely permitted in the absence of undue delay, bad faith, dilatory tactics, undue prejudice, futility, and where the supplemental facts are connected to

the original pleading).

Initially, Petitioner indicates that he is being denied FSA credits because the immigration detainer "applied was from when [he] was sentenced, and does not apply in this case before the Court." (Mot. to Amend or Suppl. at 7). Petitioner likewise indicates that "[he] do[es] not have a FINAL order of deportation" and the BOP acted unlawfully in denying him earned time credits under the FSA "based on the assumption that there was a Final Order of deportation." (*Id.* at 7–8). However, as the Court has explained, Petitioner lacks standing to raise such claims because "he is nonetheless disqualified as a matter of law" from earning FSA credits based on his § 1236(a), (b)(2) conviction and § 2632(D)(4)(D)(lix) (disqualifying convictions under § 1326 relating to the reentry of a removed alien, if the alien is described in paragraph (1) or (2) of subsection (b) of that section). *Gonzalez-Leyva*, 2025 WL 1088120, at *2.

In addition, Petitioner claims that he is entitled to FSA credits because he does not have "any offenses that exclude [him] from the credits." (Mot. to Amend or Suppl. at 8). Petitioner pled guilty to illegal re-entry following an aggravated felony conviction in violation of 8 U.S.C. § 1326(a), (b)(2), is serving a concurrent 120-month sentence for this offense, and his conviction is a disqualifying offense under the FSA. *See* No. 20-0224 Matter, D.E. Nos. 17, 29, 40. To the extent that Petitioner seeks to challenge his underlying conviction under § 1326(d), he cannot do so in a § 2241 proceeding. *See Morrison v. United States*, 788 F. App'x 174, 175 (3d Cir. 2019) (per curiam) (summarily affirming dismissal of § 2241 petition on the grounds that the petitioner's "garden-variety" § 1326(d)-related claims could have been raised with the sentencing court); *Grant v. Warden of Clinton Cnty. Corr. Facility*, No. 22-0331, 2022 WL 3045842, at *4 (M.D. Pa. Aug. 2, 2022) ("A collateral attack on his previous conviction under 8 U.S.C. § 1326 must be made through a motion pursuant to 28 U.S.C. § 2255 in the district court where he was convicted and

sentenced." (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). Furthermore, Petitioner's conviction became final when his time to appeal from the judgment of conviction expired in 2022.[8] *See Islam v. United States*, No. 22-6525, 2026 WL 2531790, at *2 (D.N.J. Aug. 27, 2026) (internal citations omitted) ("When a federal defendant does not appeal, the judgment becomes final when the time to appeal expires. Here, the docket reflects that the Judgment of Conviction was entered on October 29, 2021, and Islam had 14 days to appeal. His conviction therefore became final on November 12, 2021") (citations omitted); No. 20-0224, D.E. No. 29 (Judgment of Conviction entered April 18, 2022).

## IV. CONCLUSION

For the reasons stated above, the Court **DISMISSES** the Petition for lack of jurisdiction and **DENIES** the Motion to Amend or Supplement. An appropriate Order follows.

**Dated: October 30, 2026**

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

[8] The Court further notes that Petitioner filed a *pro se* motion to vacate under § 2255 with the Middle District of Pennsylvania on or about January 10, 2025. No. 20-0224, D.E. No. 42 ("Motion to Vacate"). In this Motion to Vacate, Petitioner did not raise a § 1326(d) claim. On July 14, 2025, the Middle District of Pennsylvania denied the Motion to Vacate as time-barred and declined to issue a certificate of appealability. *See United States v. Robles-Gonzalez*, No. 20-0219, 2025 WL 1669398 (M.D. Pa. June 12, 2025). Petitioner appealed, and the Third Circuit declined to issue a certificate of appealability. *See* No. 20-0224, D.E. No. 63.